NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> T.J. LLC, PRAVIN PATEL, and NAINA PATEL, <br><br> *Defendants.* | Civil Action No. 16-8193 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

### I.   INTRODUCTION

This matter comes before the Court on Plaintiff Days Inns Worldwide, Inc.'s ("DIW") unopposed motion for default judgment against Defendants T.J. LLC ("T.J."), Pravin Patel, and Naina Patel under Fed. R. Civ. P. 55(b)(2). D.E. 8. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED**.

### II.   FACTS AND PROCEDURAL HISTORY

DIW signed a Franchise Agreement (the "Agreement") with T.J. on June 30, 2011 that governed the operation of a 78-room Days Inn hotel in California for a fifteen-year term. Compl. ¶¶ 9-10; Affidavit of Suzanne Fenimore in Support of Motion for Final Judgment by Default ("Fenimore Aff.") Ex. A, ¶¶ 1, 5. Section 5 of the Agreement allowed either party to terminate the Agreement without paying liquidated damages on the fifth or tenth anniversary of the hotel's opening date, as long as all fees and charges under the terms of the Agreement were paid.

Fenimore Aff. Ex A, § 5. Pursuant to Sections 12.1 and 18.3, T.J. would be liable for liquidated damages of $1,000 per room, or $78,000 in total, if it terminated the Agreement outside of the procedures set forth in Section 5. *Id.* §§ 12.1, 18.3. In addition, Section 17.6.3 is a forum selection clause, which provides that T.J. consented to personal jurisdiction and venue in a New Jersey state or federal court. *Id.* § 17.6.3.

Pravin and Naina Patel, principals of T.J., also signed a Guaranty, which provided that upon a default under the Agreement, the Patels would personally perform each unpaid or unperformed obligation of T.J. Compl. ¶¶ 3-4; Fenimore Aff. Ex. B. In addition, the Patels agreed to be responsible for any fees and costs that DIW incurred while enforcing its rights under the Agreement and Guaranty. Fenimore Aff. Ex. B. Finally, the Guaranty expressly stated that the Patels were bound by the forum selection clause in the Agreement. *Id.*

On or about December 30, 2015, T.J. exercised its rights to terminate the agreement pursuant to Section 5. Compl. ¶ 22. DIW acknowledged the request and set the effective date of termination as June 30, 2016. *Id.* ¶ 23. On June 30, 2016, DIW notified T.J. of an outstanding balance of $61,291.21 in recurring fees. *Id.* ¶ 24. After ten days, T.J. had not paid the outstanding balance, thus violating Section 5 of the Agreement. *Id.* ¶ 25. Pursuant to the Agreement, T.J. was therefore required to pay liquidated damages of $78,000. *Id.*

On November 3, 2016, DIW filed a complaint against Defendants for breach of contract alleging that T.J. breached the Agreement due to its failure to remit the outstanding recurring fees and the Patels failure to perform under the Guaranty. DIW seeks $78,000 in liquidated damages, $7,347.77 in prejudgment interest on the liquidated damages, and $90,847.32 in recurring fees and interest, or a total of $176,195.09. Fenimore Aff. ¶¶ 17-18, 25-26. Defendants did not answer, move, or otherwise respond to DIW's complaint. As a result, the Clerk of the Court entered default

against Defendants on December 19, 2016 for failure to plead or otherwise defend.[1] On January 13, 2017, DIW filed this motion for default judgment. D.E. 8.

### III. LAW AND ANALYSIS

#### A. Standard of Review

Rule 55 allows for the entry of default against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55. "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

In entering a default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). Additionally, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Id* at *2.

#### B. Jurisdiction and Service

When a default judgment is sought against a party that has not filed responsive pleadings, the court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452, 2008 WL

---

[1] Rule 55(a) directs the Clerk of the Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

3

2967067, at *9 (D.N.J. July 31, 2008) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

### i. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this matter. Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. 1332(a). DIW is a Delaware corporation with its principal place of business in Parsippany, New Jersey, and Defendants are domiciled in California. Compl. ¶¶ 1-4. In addition, DIW is claiming, before interest, $78,000 in liquidated damages and $88,304.62 in recurring fees. Pl. Compl. ¶¶ 37, 45. Therefore, the parties are diverse and the amount in controversy is greater than $75,000.

### ii. Personal Jurisdiction

The Court has personal jurisdiction over Defendants. Personal jurisdiction can be waived through a contractual forum selection clause. *Ramada*, 2008 WL 2967067, at *10. Here, Section 17.6.3 of the Agreement and the Guaranty provide that Defendants consent to and waive their objection "to the non-exclusive personal jurisdiction of . . . the United States District Court for the District of New Jersey for all cases and controversies under the Agreement or between [DIW] and [Defendants]." Fenimore Aff. Ex. A, § 17.6.3. Thus, Defendants consented to personal jurisdiction in New Jersey by signing the Agreement and Guaranty.

### C. Sufficiency of Plaintiff's Causes of Action

Next, the Court must determine whether the complaint states a proper cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.

4

Count One states a valid cause of action. It requests that T.J. provide an accounting of the revenue it derived as a result of marketing, promoting, or selling guest reservations. Compl. ¶¶ 26-29. An action requesting an accounting is sufficient where a relationship between the parties established a legal obligation for the defendant to provide an account of its finances to plaintiff. *See Boles v. Vanderbilt Shirt Co.*, No. 90-0862, 1990 WL 74202, at *4 (E.D. Pa. May 31, 1990). Under Sections 3.6 and 4.8 of the Agreement, T.J. was obligated to allow DIW access to its financial records if requested. *Id.* at ¶ 27; Fen. Aff. Ex. A., §§ 3.6.2, 4.8. This is a sufficient legal obligation to conclude that Count One is adequately pled.

Counts Two, Four and Six state valid causes of action for breach of contract.[2] Under New Jersey law, to state a claim for breach of contract, a plaintiff must allege that there is (1) a valid contract; (2) plaintiff performed under the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Lacroce v. M. Fortuna Roofing, Inc.*, No. 14-7329, 2017 WL 431768, at *5 (D.N.J. Jan. 31, 2017). DIW's allegations here are sufficient. In Counts Two and Four, DIW alleges that T.J. breached the Agreement by failing to pay DIW recurring fees as of the effective date of termination. As a result of this breach, the Agreement provides that T.J. is liable for the recurring fees and liquidated damages. Compl. ¶¶ 30-37, 42-45. In Count Six, DIW alleges that the Patels breached the Guaranty by failing to satisfy T.J.'s obligations under the Agreement. *Id.* ¶¶ 50-53. DIW also established that it performed under the Agreement.

### D. Damages

---

[2] Counts Three and Five assert claims in the alternative to DIW's breach of contract claims. *See* Compl. ¶¶ 38-41, 46-49. Because the Court finds that DIW states a claim for breach of contract and that Defendants are responsible for liquidated damages, it will not address these alternate claims.

5

While the factual allegations of the complaint "will be taken as true," the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

DIW is claiming damages of an amount equal to the recurring fees plus interest and liquidated damages. Fenimore Aff. ¶¶ 18-25. Recurring fees, as described in Section 7 of the Agreement, include a "Royalty" of 5.5% of gross room revenues, a "System Assessment Fee," taxes, and interest. Fenimore Aff. Ex. A, §§ 7.1.1-7.1.2. The "System Assessment Fee" includes advertising, marketing, training, overhead, the use of DIW's reservation system, and its related services and programs. *Id.* DIW provided an itemized list of the recurring fees that remained due and owing as of the termination date, which totals $88,304.62. Fenimore Aff. Ex. E. Moreover, the Agreement provides that T.J. is liable for interest, at a rate of 1.5% per month, on all past due amounts owed to DIW. Fenimore Aff. Ex. A, § 7.3. DIW establishes that as of January 9, 2017, T.J. incurred $5,499.55 in interest from its failure to pay the recurring fees. Fenimore Aff. Ex. E.

As per Section 18.3 of the Agreement, the liquidated damages, before interest, was set to $1,000 per room, or $78,000 for the 78-room hotel. Fenimore Aff. ¶ 17. "Whether a liquidated damages clause is enforceable is a question of law for the court to decide." *Naporano Assocs., L.P. v. B & P Builders*, 309 N.J Super. 166, 176 (App. Div. 1998) (quoting *Wasserman's Inc. v. Township of Middletown*, 137 N.J. 238, 238 (1994)). When a liquidated damages clause is negotiated by parties with comparable bargaining power, the ultimate issue is whether the amount of liquidated damages is reasonable, either at the time of contract formation or the breach. *Id.* But "[a] term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty." *Ramada Worldwide Inc. v. Khan Hotels LLC*, No. 16-2477, 2017 WL 187384, at *6 (D.N.J. Jan. 17, 2017) (quoting Restatement (Second) of Contracts § 356(1) (1981)).

DIW's claims for liquidated damages do not require any further evidentiary proof as the amount was contractually agreed upon. *See, e.g., Super 8 Motels, Inc. v. B & J (Radha), LLC*, No. 05-5713, 2006 WL 3256828, at *5 (D.N.J. Nov. 9, 2006). The interest from liquidated damages, at the stipulated interest rate of 1.5% per month through February 6, 2017, equals $7,347.77. Fenimore Aff. ¶ 25. Moreover, there is no suggestion that the parties had unequal bargaining power. Last, the amount of liquidated damages appears reasonable. DIW's actual damages, which it could recover instead of liquidated damages, would be the lost recurring fees that DIW would have received but for the premature termination. Fenimore Aff. ¶ 20. For comparison sake, the outstanding amount of recurring fees here covered approximately six months of fees and is roughly equal to the amount of liquidated damages DIW seeks. In this instance, T.J. terminated the Agreement ten years before the contractual termination date. Thus, DIW lost ten years of anticipated recurring fees. However, taking into account the fact that DIW will likely be able to mitigate its damages, the amount of liquidated damages here seems reasonable.

In sum, DIW provided sufficient proof that Defendants are liable for a total of $176,195.09 as a result of their breach.

### E. Default Judgment Factors

Before imposing the extreme sanction of default judgment, district courts must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Jinisha*, 2015 WL 4508413, at *2.

Here, all three factors weigh in favor of entering default judgment. DIW would not be able to recover damages owed according to the Agreement and Guaranty, and would be unfairly prejudiced if no default judgment is entered. *Days Inns Worldwide, Inc. v. Tulsipooja Hosp., LLC*,

No. 15-5576, 2016 WL 2605989, at *3 (D.N.J. May 6, 2016); *Jinisha*, 2015 WL 4508413, at *2. Next, considering that Defendants have not responded to this matter, "Defendant[s] ha[ve] put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015). Lastly, Defendants' failure to answer, without providing any reasonable explanation, permits the court to draw an inference of culpability. *Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016). As a result, the Court finds that default judgment is warranted.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (D.E. 8) is **GRANTED**. Accordingly, the Court will enter judgment against Defendants in the amount of $176,195.09. An appropriate order accompanies this opinion.

Dated:     March 9, 2017

*[signature]*
John Michael Vazquez, U.S.D.J.

8